IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
EAST BATON ROUGE DIVISION

| | |
|---|---|
| MONIQUE MONTGOMERY,<br><br>   Plaintiff,<br><br>v.<br><br>CAPITAL ONE AUTO FINANCE,<br><br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. _____ <br> ) <br> ) [formerly Baton Rouge City Court for the <br> ) Parish of East Baton Rouge: <br> ) Case No. 20-00506] <br> ) |

## NOTICE OF REMOVAL

Defendant identified as Capital One Auto Finance, properly known as Capital One Auto Finance, a division of Capital One, N.A. ("Defendant" or "COAF"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.*, hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, to the United States District Court for the Middle District of Louisiana, East Baton Rouge Division. In support of this notice of removal, COAF states as follows:

### INTRODUCTION

1. COAF's first received notice of the plaintiff, Monique Montgomery's ("Plaintiff"), state court case against COAF when it received a document entitled Amendment to Complaint and Claim for Civil & Punitive Damages ("Amended Complaint") on or around June 11, 2020. The Amended Complaint was forwarded to COAF by CSC, one of its agents for service of process. No citation was included with the Amended Complaint.

43739820 v1.doc

2. Subsequently, Plaintiff produced a certified mail receipt, contending that she had delivered the original complaint to COAF via certified mail directed to 7933 Preston Road, Plano, TX, and that it had been received on February 3, 2020. The Plano address is the address of the principal place of business of a dissolved entity known as Capital One Auto Finance, Inc. However, COAF is no longer a separate legal entity, but merely a division of Capital One, N.A., which is a bank.

3. Although it is unclear whether Plaintiff included a citation with the complaint she allegedly mailed to COAF, service was improper regardless. La. Code Civ. Proc. Ann. art. 1261(C) provides that service of citation or other process on a bank is made pursuant to R.S. 6:285(C).[1] Under that code section, service of process cannot properly be effectuated on a bank by merely mailing a copy of the complaint to the bank.

4. On information and belief, the Plaintiff filed her Amendment to Complaint and Claim for Civil & Punitive Damages ("Amended Complaint") on or around June 8, 2020, and directed the Amended Complaint via certified mail to "Capital One Auto Finance." COAF received the Amended Complaint on June 11, 2020.

5. Removal is timely because COAF has never been properly served with a citation as required by Louisiana law, and, therefore, the thirty (30) day removal period has not yet begun to run. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (confirming that removal deadline does not begin to run until a party is served with a summons).

6. In accordance with 28 U.S.C. § 1446(a), a copy of the state court pleadings "served on" COAF (i.e. mailed to COAF via certified mail) are attached hereto as **Exhibit A**.

---

[1] The Plaintiff claims that she served COAF pursuant to LA Code Civ. Proc. 1313, but that article governs service of papers other than the citation.

7. The Amended Complaint asserts a variety of claims against COAF which seem to arise from Plaintiff's "credit file," and/or COAF's reporting of Plaintiff's debts to consumer reporting agencies. (*See* Ex. A, Amended Complaint, p. 1-4.)

8. Plaintiff seeks relief under both state and federal law, including a claim for deprivation of rights under 15 U.S.C. § 1983. Plaintiff further alleges state law causes of action for (1) Gross Negligence, (2) Negligent Injuring, (3) False Accounting, (4) Fraudulent Acquisition of a Credit Card, (5) Access Device Fraud, (6) Unauthorized Collection Practices, (7) Invasion of Privacy by Identity Theft, (8) Intentional Invasion of Privacy, (9) Negligent Invasion of Privacy, (10) Unlawful Possession of Fraudulent Documents, (11) Trespass to Chattel, (12) Unlawful Distribution of Fraudulent Documents, (13) Duplicate Reporting, (14) Negligent Misrepresentation, (15) Fraudulent Misrepresentation, (16) Injurious Falsehood, (17) Defamation of Character, (18) Identity Theft, (19) Tortious Interference with Business Relations, (20) Fraudulent Concealment, (21) Tortious Interference with Prospective Contractual Relations, (22) Negligent Interference with Existing Contract, (23) Battery, (24) Fraudulent Concealment to Credit Reporting Agencies, (25) Computer Fraud, (26) Negligent Damage to Property, (27) Damage to Property with Intent to Defraud, (28) Unlawful Modification of Intellectual Property, (29) Loss of Corporeal Moveable, (30) Unsolicited Delivery of Credit Card, (31) Negligent Infliction of Emotional Distress, and (32) Intentional Infliction of Emotional Distress and Extortion.

9. Plaintiff also invokes references to the "FDCPA" and "FCRA," and levels allegations against COAF regarding her credit report. For example, Plaintiff alleges that COAF furnished false statements of fact to Plaintiff's "credit file," and that COAF "refused to make corrections" within thirty days of receiving her "consumer complaint." The foregoing allegations

indicate that Plaintiff's claims are based in part of alleged violations of the Fair Credit Report Act ("FCRA").

10. Based on the allegations in the Amended Complaint, this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because there is federal question jurisdiction based upon Plaintiff's assertion of the 15 U.S.C. § 1983 claim, and alleged violations of the FCRA. This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. §1367.

## ARGUMENT AND CITATION TO LEGAL AUTHORITY

### A.  Federal Question Jurisdiction

11. The United States District Court for the Middle District of Louisiana has original jurisdiction over this case under 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

12. 28 U.S.C. § 1331 provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

13. Plaintiff's Amended Complaint, which alleges COAF violated 15 U.S.C. § 1983, the FDCPA, and the FCRA asserts claims arising under the Constitution, laws or treaties of the United States on its face.

14. Because Plaintiff has asserted claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

**B.    Supplemental Jurisdiction.**

15. This Court can, and should, exercise supplemental jurisdiction over the state law claims Plaintiff makes against COAF because these claims form part of the same case or controversy as Plaintiff's federal 15 U.S.C. § 1983 claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

16. In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis for Plaintiff's federal claims—i.e. credit reporting and collection activities and an alleged identity theft. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

17. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of judicial resources. Here, Plaintiff's state law claims arise from the same transaction or occurrence but do not raise novel or complex issues of state law or predominate over Plaintiff's federal claim. *See* 28 U.S.C. § 1367(c). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's entire Amended Complaint.

## REMOVAL JURISDICTION OF THIS COURT

18. As established above, this Court has original jurisdiction over this case.

19. This matter is removable to the United States District Court for the Middle District of Louisiana, as the Baton Rouge City Court for the Parish of East Baton Rouge, Louisiana is a Louisiana state court within this judicial district. (*See* 28 U.S.C. § 1441(a).)

## JURISDICTIONAL REQUIREMENTS

20. This case is a civil action within the meaning of the Acts of Congress related to the removal of causes.

21. Defendant has not previously removed this action, and it has not previously sought similar relief.

22. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

23. Defendant hereby notifies this Court that it has provided written notice to Plaintiff of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant has also filed a copy of this Notice of Removal with the Clerk of the Baton Rouge City Court for the Parish of East Baton Rouge, Louisiana is a Louisiana, as provided by law.

24. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process sufficient to waive COAF's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Louisiana law, Fed. R. Civ. P. 8 and 12, or any other state or federal statute.

25. To the extent remand is sought by Plaintiff or visited by the Court, COAF requests the opportunity to brief the issues and submit additional arguments and evidence, to be heard at oral argument.

## CONCLUSION

**WHEREFORE,** Defendant identified as COAF Bank, properly known as COAF, N.A. hereby provides notice that this Court has jurisdiction over this action and the action is removed from the Baton Rouge City Court for the Parish of East Baton Rouge, Louisiana to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ Eli J. Hare*
Eli J. Hare, (LA. Bar No. 36752)
Attorney for Defendant COAF, N.A.

**OF COUNSEL:**

BURR & FORMAN LLP
420 20th Street North
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
ehare@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following parties by U.S. Mail, on this 30th day of June, 2020:

Monique Montgomery
4636 Alvin Dark Avenue, Apt. 1
Baton Rouge, LA 70820
*Pro Se*

/s/ *Eli J. Hare*
OF COUNSEL