# EXHIBIT "A"



# Notice of Service of Process

**MDM / ALL**
**Transmittal Number: 21610366**
**Date Processed: 06/12/2020**

| | |
|---|---|
| Primary Contact: | Tonya Edwards<br>Capital One Services<br>15000 Capital One Dr<br>Richmond, VA 23238-1119 |

| | |
|---|---|
| Entity: | Capital One Auto Finance<br>Entity ID Number  2431664 |
| Entity Served: | Capital One Auto Finance |
| Title of Action: | Monique Montgomery vs. Capital One Auto Finance |
| Matter Name/ID: | Monique Montgomery vs. Capital One Auto Finance (10298369) |
| Document(s) Type: | Amended Complaint/Petition |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | East Baton Rouge Parish City Court, LA |
| Case/Reference No: | 20-00506 Div. E |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 06/11/2020 |
| Answer or Appearance Due: | 10 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Monique Montgomery<br>225-223-0824 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Capital One Auto Finance                                             June 8, 2020
320 Somerulos St
Baton Rouge, LA 70802

Monique Montgomery
4636 Alvin Dark Ave Apt 1
Baton Rouge, LA 70820

RE: Docket No. 20-00506 Div. E

Dear Capital One Auto Finance,

     I have included a copy of the Amendment to Complaint, Claim for Civil & Punitive Damages, and Motion for Trial on the Merits and Petition for Permanent Injunction. I also have the Memorandum of Law included. Please be advised that I filed the Amendment to add to the allegations and correct the causes of action to reflect Louisiana state laws.

     According to my records, you were served in accordance with Article 1313 on February 3, 2020 but I have yet to be served with your answer. According to court records, you have also failed to file your answer. Thus, you have 10 days to respond to be in compliance with LA CCP 1151.

     My service address is above. Please contact me at monique.montgomery929@gmail.com or 225-223-0824 if you have any questions or concerns.


Regards,

Monique Montgomery

**BATON ROUGE CITY COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO. 20-00506                                                                                      DIV. E

**MONIQUE MONTGOMERY**

**VS.**

**CAPITAL ONE AUTO FINANCE**

FILED: _____                    DEPUTY CLERK: _____

<u>**AMENDMENT TO COMPLAINT AND CLAIM FOR CIVIL & PUNITIVE DAMAGES**</u>

NOW INTO COURT comes Plaintiff, MONIQUE MONTGOMERY, pro se, who respectfully files an amendment to her Complaint and petition for damages pursuant to RS LA 13:4791 under Trial of Cases for Violation of Rights Guaranteed by Constitution. Plaintiff wishes to add to the factual allegations and amend the causes of action to reflect Louisiana state laws to ensure that the venue is proper. Plaintiff affirms that answer has not yet been served upon her pursuant to LA CCP 1151. Plaintiff also has the right to petition for punitive damages for violations to 42 U.S.C. 1983 as denoted in the case of *H.M. Booze v. City of Alexandria (1994).*

<u>**FACTUAL ALLEGATIONS**</u>

Plaintiff has made complaints against Defendant in the Better Business Bureau and Federal Trade Commission and Defendant lied to each entity. Therefore, Plaintiff has exhausted all other options to have this matter addressed.

Defendant forcibly asserted its legal power over Plaintiff as a furnisher of material information to credit reporting agencies to violate her constitutional "Right of a Victim", and rights of privacy, property, and reputation.

Defendant also asserted its legal power over Plaintiff to use material information that it intentionally concealed from Plaintiff to falsely claim that she is the owner of the debt.

Defendant also asserted its legal power over Plaintiff to imply that they have the legal right to utilize those concealed documents from its findings as a justification to collect on a debt that Plaintiff does not owe.

Defendant unlawfully maintained access to Plaintiff's private digital data contained in her electronic credit file, which is a corporeal movable, because they failed to verify the identity of the applicant before opening the line of credit.

Defendant unlawfully maintained access, reduced the value, and then sold her corporeal movable to a third party debt collector without her authorization.

Defendant has refused to make corrections after receiving Plaintiff's consumer complaint regarding violations of her rights within the required thirty (30) days.

Defendant was notified prior to the sale of the account that it was opened without Plaintiff's authorization. Therefore, Plaintiff has never had a contractual obligation to Defendant.

Defendant's failure and refusal to perform its lawful duties interfered with Plaintiff's existing and prospective contractual relations as well as business relations.

Defendant is liable to Plaintiff for identity theft for concealing the material information contained in the fraudulently opened account after Plaintiff provided Defendant with all required legal documentation.

Defendant has tampered with evidence with the specific intent of distorting the results of the identity theft investigation which may reasonably prove relevant to a criminal investigation or proceeding.

Defendant intentionally and repeatedly furnished false statements of fact into Plaintiff's credit file every month.

Plaintiff was denied credit, insurance, and was terminated from her employer on the whole or partial basis of information that Defendant furnished to credit reporting agencies.

Defendant misrepresented the status of the fraudulent account with the intent to defraud Plaintiff and credit reporting agencies by continuing to furnish false statements of fact after learning that Plaintiff was a victim of identity theft.

Defendant intentionally concealed material information, records, and evidence from Plaintiff that was contained in the account that was opened in her name to impair the information's availability, which caused a hindrance and delay in investigation proceedings.

Defendant knowingly produced, possessed, and distributed fraudulent documentation for identification purposes after receiving reports of identity theft.

Defendant's fraudulent practices constitute access device fraud, computer fraud, identity theft, false accounting, theft of business record, battery, offense to intellectual property, intentional damage to property, and many others.

Defendant tampered with Plaintiff's corporeal movable with the intent to interfere with the free enjoyment of her rights and with the intent to deprive her of the full use of her property without her authorization.

Defendant was made of aware of the report of identity theft, but still refused to close the account and deactivate the line of credit, which caused more charges to accrue.

Defendant has made intentional violations in bad faith. Defendant has attempted contract with Plaintiff to get a reimbursement of fees paid to a collection agency employed to collect the alleged indebtedness.

Defendant knowingly provided and caused to be made false information to credit reporting agencies and knowingly provided financial statements that they knew to be false to third party collection agencies.

Defendant's unauthorized collection practices as well as the sale of the fraudulent debt caused duplicate reporting of the same fraudulent debt to be listed on Plaintiff's credit file.

Defendant used unreasonable force by repeatedly sending electronic communications through credit reporting agencies to Plaintiff for the purpose of harassing Plaintiff and to ultimately entice her to make payments on a debt that she does not owe.

Defendant made unlawful modifications and insertions into Plaintiff's credit file, which interfered with her business relations as a sole proprietor and President of a nonprofit corporation.

Defendant intentionally misappropriated the information contained in Plaintiff's business records, including her name, social security number, address, and date of birth, by making fraudulent misrepresentations of the account's status and the converted it for its own economic gain.

After Plaintiff demanded that Defendant have her credit file corrected, Defendant retaliated against Plaintiff by lying to her, third party collection agencies, and credit reporting agencies, by abusing the dispute process.

Defendant maintained unlawful access and caused a third party collection agency to access Plaintiff's electronic credit file with the intent to obtain money and Plaintiff's corporeal movable by means of fraudulent or false representations, alterations, and the insertion of false data.

Defendant's refusal to perform their lawful duties amount to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.

## MEMORANDUM OF LAW FOR CIVIL DAMAGES

"A consumer loan" includes credit cards according to LA RS 9:3516(14). "Consumer credit sale" as defined in LA RS 9:3516(12), "consumer credit transaction" as defined in LA RS 9:3516(13), "credit service charge" as defined in LA RS 9:3516(16), "extender of credit" or "creditor" as defined in LA RS 9:3516(18), "lender credit card" as defined in LA RS 9:3516(23), "loan finance charge" as defined in LA RS 9:3516(23), "revolving charge account" as defined in LA RS 9:3516(29), "seller credit card" as defined in LA RS 9:3516(31), "thing" as defined in LA RS 9:3516(35), and "unpaid debt" as defined in LA RS 9:3516(37) applies to this matter.

Defendant has the duty of care to ensure that they Plaintiff's privacy protected while it has custody of Plaintiff's personal information. Defendant also has the duty of care to ensure that it only provides information to the customer of the account pursuant to LA RS 9:3571. This indicates that Plaintiff must know and verify the identity of the applicant and customer by building a relationship with them. Defendant also has the duty of care to abide by the law regarding privacy according to the state and federal constitution as well as the federal and state FDCPA and FCRA.

In *Moresi v. Department of Wildlife & Fisheries*, the Louisiana Supreme Court held that a violation of article I, section 5 of the Louisiana State Constitution 7 gives rise to a private cause of action. The court also indicated for the first time that those protections go beyond limiting "state action" and apply directly to prohibit such invasions of privacy by private, non-government parties.

Plaintiff never established a contractual obligation with Defendant, which means that Plaintiff was never a customer. Defendant also transferred Plaintiff's personal information to a third party collection agency. Therefore Defendant is in violation pursuant to LA RS 9:3571. LA RS 6:969.33(B) states that Defendant is only protected if they made corrections within 30 days of their receipt of the complaint.

LA RS 51:1409 states that Plaintiff may bring an action individually if she has suffered any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405. In addition to or in lieu of injunctive relief, a complainant may recover damages for the actual loss caused by misappropriation. Plaintiff also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss pursuant to LA RS 51:1433.

Digital data is a corporeal movable according to LA CC 471, "property" as defined in LA RS 14:2(A)(8), LA RS 14:73.1(13), and LA RS 14:67.20. Plaintiff's credit file contains digital data so it is also considered intellectual property pursuant to LA RS 14:73.1(10). Therefore, furnishing false statements of fact to Plaintiff's credit file constitutes an offense to intellectual property for modification and insertion pursuant to 14:73.2. Therefore, all matters concerning Defendant's engagement with Plaintiff's credit file also applies to her property.

Section 4(A) of the state constitution states "every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property". Defendant deprived Plaintiff of this right by damaging and reducing the value of her corporeal movable (credit file). Defendant maintained access to

Plaintiff's corporeal movable in bad faith. Therefore Defendant is obligated to restore the value of Plaintiff's corporeal movable even if the loss was not caused by their fault pursuant LA CC 2304.

Plaintiff's corporeal movable contains her personal information including her name, social security number, address, and date of birth. Defendant maintained possession of her corporeal movable with the intent to defraud Plaintiff into providing them payments after they knew it was fraudulently opened. This constitutes Access Device Fraud pursuant to LA RS 14:70.4.

Defendant tampered with Plaintiff's corporeal movable with the intent to interfere with the free enjoyment of her rights and with the intent to deprive her of the full use of her property without her authorization, which constitutes criminal mischief LA RS 14:59(A)(1).

Plaintiff's social security number is material to the conduct of her sole proprietorship, which is not available to the public, would have an adverse material effect upon the overall business if used by others, and defined as a trade secret in LA R.S. 51:1431. Therefore, Defendant is also liable for theft of business record pursuant LA RS 14:67.20(A).

Defendant has the duty of care to furnish truthful information to consumer reporting agencies. Instead, Defendant made false representations by inserting and modifying her credit file, which makes Defendant liable for negligent misrepresentation and fraudulent misrepresentation.

Louisiana Supreme Court ruled in *MCI Communications v Hagan and Joubert* in 2011 that "trespass to chattels is the intentional intermeddling with a chattel (movable) in the possession of another that damages the chattel, reduces its value, or deprives the possessor of the use of the chattel for a significant period of time." Therefore, Defendant's fraudulent practices that include the intentional furnishing of false statements of fact to Plaintiff's credit file when they knew that Plaintiff was not the owner of the debt constitutes trespass to chattel.

Defendant also acknowledged receipt of Plaintiff's report of identity theft. Thus, Defendant lacks justifiable motive making false representations pursuant to LA RS 14:48.

Plaintiff is a sole proprietor of a business that involves the use of her legal name as the owner of the business and her social security number as recourse for business credit. Thus, her legal name is a

trademark pursuant to LA RS 51:211(D) and a trade name pursuant to LA RS 51:211(D). Defendant's repeated false statements of fact being furnished to credit reporting agencies, which affect her trademark and trade name, also constitute negligent and intentional interference with business relations.

Defendant has violated LA RS 9:3568(B), which states that the creditor "shall make available to the victim of the identity theft application information and transactional information", by refusing to perform its lawful duty to provide records and documents after receiving all required documents regarding a report of identity theft. The law does not imply that Defendant has the authority or duty to determine whether or not Plaintiff is the owner of the account.

LA RS 9:3568(D) states that Defendant shall be liable to the victim of an identity theft for all of the documented out-of-pocket expenses caused by such creditor, potential creditor, credit reporting agency, or other entity and suffered by the victim as a result of the identity theft, plus reasonable attorney fees. Plaintiff is owed restitution in addition to other penalties pursuant to in LA RS 14:67.16(F).

Defendant is "obliged" by the law to render a financial statement to assign a debt to a third party collector, which is implied in LA RS 9:3534.1(D), as the collector would lack the means to collect on a debt without the financial statement. Defendant confirmed in writing that it rendered a financial statement to that third party by stating that it "sold" the debt. Defendant also knew prior to selling the debt that the account was fraudulent. This constitutes false accounting pursuant to LA RS 14:70. The law does not specify to whom the financial statement must be rendered.

Plaintiff's employment contract breached as a result of Defendant's unauthorized and fraudulent practices. LA CC 1906 defines contract as "an agreement by two or more parties whereby obligations are created, modified, or extinguished." However, Plaintiff was not legally required to provide a copy of her employment contract to Defendant because employment records are confidential and not subject to subpoena pursuant to LA RS 23:1660(C).

Defendant intentionally sold the debt to a third party collector, which removes any consumer's liability to the original creditor. According to LA RS 9:3534.1(D), an assignment of debt grants a third party the right to collect as well as assert a claim against a consumer. Thus, it was reasonably within

Defendant's duty of care to stop furnishing information to credit reporting agencies upon the sale of that debt as Defendant knew that the third party collector would likely begin to furnish information.

According to LA RS 9:3571.1(F), Plaintiff has the right to assert an action and is entitled to recovery for any intentional or negligent violations regarding misleading and untrue statements on her credit file. This revised statute applies to credit reporting agencies. However, Defendant is liable for comparative fault pursuant to LA CC 2323.

LA RS 9:3435(B) states "An extender of credit may not contract with a consumer for the reimbursement of fees paid to a collection agency employed to collect the consumer's indebtedness." Defendant's refusal to stop furnishing false statements of fact after the sale of the alleged debt indicates Defendant's attempt to entice Plaintiff into claiming ownership of the debt, which would then be a contract for Plaintiff to pay Defendant for the reimbursement of fees.

Defendant intentionally caused a fraudulent line of credit to remain open and later sold it to third party. Defendant's refusal to perform its lawful duties also involved the production, possession, and distribution of fraudulent documentation pursuant to LA RS 14:70.7(A), which contained Plaintiff's name, address, and social security number.

Defendant's refusal to perform their lawful duties also amount to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances, which constitutes criminal negligence. Therefore, Defendant is liable for negligent injuring pursuant to LA RS 14:39, which defines negligent injuring as the inflicting of any injury upon the person of another by criminal negligence.

Defendant's deceptive and fraudulent practices constitute criminal behavior. LA RS 14.6 states that civil remedies are not affected by any actions for legal powers to inflict penalties for contempt. LA RS 14.17 states that ignorance of the law is not a defense to a criminal prosecution.

LA RS 14:40.3(B)(2) defines cyberstalking as a form of harassment via electronic communication. The electronic communications were sent through credit bureaus where Defendant

repeatedly lied to them saying that Plaintiff was the owner of the account when they knew the account was fraudulently opened.

Defendant's fraudulent practices constitute battery as defined in LA RS 14:33. Defendant's conduct was forceful because they knew that they did not have Plaintiff's permission to do these acts, they knew that Plaintiff did not have the means to protect her credit file outside of the dispute process, and Plaintiff depended on Defendant's willful compliance in order to have her credit file corrected. The law does not imply that the force must be physical.

Defendant deprived Plaintiff of her state constitutional Rights of a Victim pursuant to Section 25, which states that "any person who is a victim of crime shall be treated with fairness, dignity, and respect, and shall be informed of the rights accorded under this Section", which includes "the right to seek restitution". Louisiana State Constitution Section 7 grants the freedom of expression but also states that Defendant "is responsible for the abuse of that freedom". This implies that Defendant is liable to Plaintiff for furnishing false statements of fact. Therefore, Defendant is liable for depriving Plaintiff of her state constitutional rights.

Defendant accessed and caused a third party collection agency to access Plaintiff's electronic credit file with the intent to obtain money and Plaintiff's corporeal movable by means of fraudulent or false representations, alterations, and insertion of false data. Thus, Defendant committed computer fraud as defined in LA RS 14:73.5.

## MEMORANDUM OF LAW FOR PUNITIVE DAMAGES

In *Rosenblatt v. Baer (1966)*, former Supreme Court Justice Hugo Black wrote "the only sure way to protect speech and press against these threats is to recognize that libel laws are abridgments of speech and press and therefore are barred in both federal and state courts by the First and Fourteenth Amendments." Former U. S. Supreme Court Justice Potter Stewart also wrote in this same case stating that that the essence of a defamation claim is the right to protect one's good name and that defamation

"reflects no more than our basic concept of the essential dignity and worth of every human being — a concept at the root of any decent system of ordered liberty."

In *Chaplinksy v. New Hampshire (1942)*, U. S. Supreme Court held that libelous words "by their very utterance inflict injury or tend to incite an immediate breach of the peace."

Defendant violated Plaintiff's constitutional rights under 42 U.S.C 1983, which states that the offender must act under the "color of law". Color of law denotes the "mere semblance of legal right" or "pretense or appearance of" right. Defendant has the legal right to furnish information to credit reporting agencies if a debt is owed them. However, Plaintiff provided proof to Defendant that she was not the actual owner the account that was opened in her name, but Defendant proceeded to assert its power against her by abusing its legal right to freedom of expression to furnish false statements of fact to her credit file, which ruined her reputation with her employer. This constitutes libel, which deprives Plaintiff of her U.S. constitutional rights.

Defendant also deprived Plaintiff of her Fourth Amendment right, which grants her equal protection from the invasion of privacy by gaining access to her credit file without her authorization. Further, Defendant deprived Plaintiff of her Fourteenth Amendment right to have equal protection of property, by causing damage to her corporeal movable.

In the case of *H.M. Booze v. City of Alexandria (1994)*, Louisiana Supreme Court held that "punitive damages are indeed recoverable in a suit filed in a Louisiana state court alleging a violation of 42 U.S.C. § 1983", which is based on *Smith v. Wade, 461 U.S. 30 (1983)* in which the judge charged the jury that it could award punitive damages in addition to actual damages if petitioner's conduct was shown to be "a reckless or callous disregard of, or indifference to, the rights or safety of others." Plaintiff's claim for punitive damages is within the guidelines of LA CC 3546. Therefore, Plaintiff has the right to assert a claim for punitive damages.

## CAUSES OF ACTION FOR PUNITIVE DAMAGES

## DEPRIVATION OF RIGHTS

### 42 U.S.C. 1983

Defendant acted under the color of law to deprive Plaintiff of her U.S. constitutional rights by defaming her character, invading her privacy, and damaging her corporeal movable. This caused Plaintiff to have a lower credit score, negative credit history, and destroyed her reputation with her employer. Plaintiff has suffered damages as a result.

## CAUSES OF ACTION FOR CIVIL DAMAGES

### GROSS NEGLIGENCE

### LA CC 2316

Defendant failed its duty of care to verify the identity and obtain a signature from the applicant before opening the line of credit in Plaintiff's name. This caused Plaintiff's privacy to be breached and led to her credit file to contain information that was false and defamatory to her character and reputation with her employer. Plaintiff has suffered damages as a result.

### NEGLIGENT INJURING

### LA CC 2316

Defendant failed to meet its duty of care to verify the identity of the individual who fraudulently submitted the credit card application and failed to meet its duty of care to establish a contractual obligation with Plaintiff before making unauthorized insertions and modifications to her corporeal movable. Defendant caused to be made, either directly or indirectly, a false statement to the Plaintiff's identity knowing it to be false and with the intent for it to be relied upon. This caused Plaintiff's credit file to contained false and misleading information and led to the defamation of Plaintiff's character and reputation with her employer. Plaintiff has suffered damages as a result.

### FALSE ACCOUNTING

### LA CC 2315; LA CC 2323

Defendant is required by law to render financial statements to assign any debt to third parties. Defendant intentionally provided a false financial statement to a third party debt collector. This caused a

breach of privacy and caused Plaintiff to have duplicate reporting of the same fraudulent debt on her credit file, a lower credit score, and negative credit history. Plaintiff has suffered damages as a result.

### PRIMA FACIE TORT: ACCESS DEVICE FRAUD

LA RS 14:70.4; LA CC 2323

Defendant possessed and transferred Plaintiff's access device with the intent to defraud Plaintiff, third party collector, and credit reporting agencies, including her name, social security number, and date of birth, without her authorization. This caused a breach of privacy, duplicate reporting, and negative credit history on Plaintiff's credit file. Plaintiff has suffered damages as a result.

### UNAUTHORIZED COLLECTION PRACTICES

LA RS 9:3562(5)

Defendant has acknowledged in writing that they received written complaints from Plaintiff and refused to correct the false statements of fact that was being furnished to Plaintiff's credit file. Plaintiff sent the written complaint to the address of the extender of credit via certified mail and a copy was also mailed to the Defendant's agent for service of process. More than 30 days elapsed since Defendant received the written notice and the violation was not corrected. This caused a breach in Plaintiff's privacy and damage to her corporeal movable. Plaintiff has suffered damages as a result.

### INTENTIONAL INVASION OF PRIVACY BY IDENTITY THEFT

LA RS 14:67.16(F);

Defendant intentionally used, possessed, and transferred Plaintiff's personal identifying information with fraudulent intent to obtain money from Plaintiff and to obtain money from a third party debt collector. This caused a breach of Plaintiff's privacy, lower credit scores, and negative credit history, and it led to Plaintiff's reputation being destroyed. Plaintiff has suffered damages as a result.

### INTENTIONAL INVASION OF PRIVACY

Article I, section 5 of the Louisiana State Constitution 7

Defendant unlawfully maintained Plaintiff's private information contained in her credit file without her authorization after being notified of identity theft. This caused a breach of Plaintiff's privacy,

lower credit scores, and negative credit history, and it led to Plaintiff's reputation being destroyed. Plaintiff has suffered damages as a result.

## NEGLIGENT INVASION OF PRIVACY

### LA CC 2316; LA CC 2323

Defendant failed to meet its duty of care to verify the identity of the applicant when it received an electronic credit application for a credit card application and failed to establish a contract with Plaintiff before gaining access to her credit file. Defendant also failed to meet its duty of care to obtain a signature on the credit card agreement before making changes to Plaintiff's credit file. This caused a credit card to be issued to an authorized person, caused a breach of Plaintiff's privacy, lower credit scores, and negative credit history, and it led to Plaintiff's reputation being destroyed. Plaintiff has suffered damages as a result.

## PRIMA FACIE TORT: UNLAWFUL POSSESSION OF FRAUDULENT DOCUMENTS

### LA CC 2315

Defendant intentionally continued to use and possess fraudulent documents that they generated as a result of fraud and refused to close out the fraudulent account. This caused Plaintiff to have further negative credit history and it compromised Plaintiff's reputation with her employer as well as with other lenders. Plaintiff has suffered damages as a result.

## TREPASS TO CHATTEL

### LA CC 2315

Plaintiff has the right to possess and protect her corporeal movable. The property was damaged and the value was reduced by Defendant's unauthorized acts of gaining access to the property and making unlawful modifications to it, which negatively affected her reputation. Plaintiff has suffered damages as a result.

## PRIMA FACIE TORT: UNLAWFUL DISTRIBUTION OF FRAUDULENT DOCUMENTS

### LA CC 2315

After Defendant acknowledged receipt of Plaintiff written statement alerting them of identity theft and fraud, Defendant maliciously and intentionally proceeded to distribute fraudulent documents that contained Plaintiff's personal information to a third party collector. This decreased the value of her corporeal movable and her reputation with her employer. Plaintiff has suffered damages as a result.

## PRIMA FACIE TORT: DUPLICATE REPORTING

### LA CC 2315; LA CC 2323

After Defendant maliciously and intentionally sold Plaintiff's corporeal movable to a third party debt collector. Defendant knowingly continued to make false reports of debt to Plaintiff's credit file, which led to duplicate reporting of the same debt on Plaintiff's credit file that did not belong to her. Defendant was aware that Plaintiff's credit file had duplicate reports but refused to perform its lawful duty to correct her credit file. This caused the destruction of her reputation with her employer, lower credit scores, and negative credit history. Plaintiff has suffered damages as a result.

## NEGLIGENT MISREPRESENTATION

### LA CC 2316

In the course of business, Defendant made false representations of material fact, without reasonable care, for the guidance of others in its business transactions. Defendant knew that Plaintiff would justifiably rely on that information. Plaintiff relied on that information to her detriment, which led to the destruction of her reputation with her employer, prospective lenders, and insurance companies. Plaintiff has suffered damages as a result.

## FRAUDULENT MISREPRESENTATION

### LA CC 2315; LA CC 1953

Defendant knowingly made false representations of material fact to Plaintiff, credit bureaus, and a third party debt collector. Continued furnishing of false statements of fact to third parties proves that Defendant intended for Plaintiff to rely on these statements to obtain an unjust advantage over Plaintiff by claiming that the debt belonged to her. Defendant knew that Plaintiff and consumer reporting agencies

justifiably relied on the information. This caused the destruction of her reputation with her employer, prospective lenders, and insurance companies.  Plaintiff has suffered damages as a result.

## INJURIOUS FALSEHOOD

Defendant intentionally made false statements about the Plaintiff's integrity to credit reporting agencies and third party debt collectors. Defendant's actions were malicious as Defendant was aware that the falsehood would induce employers, lenders, and insurance companies not to deal with Plaintiff. Plaintiff has suffered damages as a result.

## DEFAMATION OF CHARACTER

### LA CC 2315, LA CC 2320;

Defendant knowingly made false and defamatory statements of fact about Plaintiff others including credit reporting agencies and the third party debt collector. Defendant then acted with malice by continuing to knowingly furnish false statements to third parties after Plaintiff reported identity theft to be false. This exposed Plaintiff to hatred, contempt, and ridicule, and deprived her of the benefit of public confidence and social intercourse which led to the defamation of her character and reputation with her employer and other lenders. Plaintiff has suffered damages as a result.

## IDENTITY THEFT

### LA RS 9:3568(D)

Plaintiff provided Defendant a written statement pursuant to LA RS 9:3568(B) and requested that Defendant provide the information relative to the fraudulent account after providing the necessary documentation that they demanded, but Defendant still unlawfully refused. This caused the destruction of her reputation with her employer and negative credit history. Plaintiff suffered damages as a result.

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

### LA CC 2315

A business relationship existed between Plaintiff and her sole proprietorship, as well as with her nonprofit corporation. Defendant was fully aware of the relationship. Defendant wrongfully disrupted it

by making false statements of fact on her credit file. This caused a delay in business relations. Plaintiff has suffered damages as a result.

## FRAUDULENT CONCEALMENT

### LA CC 2315

Defendant is required by law to disclose material information to Plaintiff regarding the fraudulent credit card opened in her name after she provided the required documentation of reported identity theft. Defendant intentionally concealed the information that was otherwise unknown to her and that was relied upon by her. Defendant was also aware that Defendant's cooperation was required to properly resolve the dispute, but they intentionally abused that process just for the sake of harassing Plaintiff. This deprived her of the ability to resolve identity theft matters in a timely manner to prevent irreparable harm. Plaintiff has suffered damages as a result.

## TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

### LA CC 2215

There was a reasonable probability that Plaintiff and a third party would have entered into a contractual relationship regarding the expansion of her sole proprietorship. Defendant wrongfully and intentionally prevented the relationship from developing. This caused Plaintiff to be deprived of these opportunities for business growth. Plaintiff has suffered damages as a result.

## NEGLIGENT INTERFERENCE WITH EXISTING CONTRACT

### LA CC 2315

A valid contract existed between Plaintiff and Regions Investment Solutions. Defendant was made aware of the existence of a contract by a letter that Plaintiff sent to Defendant, but Defendant proceeded to furnish false statements of fact to her credit file, which caused Plaintiff to breach the contract. Plaintiff has suffered damages as a result.

## BATTERY

### LA CC 2315

Defendant's unauthorized debt collection practices led to the abuse of the dispute process by forcibly and repeatedly furnishing false information to Plaintiff's credit file in an attempt to obtain payments on an account that they knew did not belong to her. These practices were forceful because Defendant's actions were intentional, Defendant knew that they did not have Plaintiff's permission to do these acts, Defendant knew that Plaintiff did not have the means to protect her credit file outside of the dispute process, and Plaintiff depended on Defendant's willful compliance in order to have her credit file corrected. Therefore, Defendant's force was not justified. This caused Plaintiff to be deprived of her right dispute fraudulent information and caused the destruction of her reputation with her employer. Plaintiff has suffered damages as a result.

## FRAUDULENT CONCEALMENT TO CREDIT REPORTING AGENCIES

### LA CC 2315, LA CC 2323;

Defendant is required by law to disclose material information to credit reporting agencies regarding the fraudulent credit card opened in Plaintiff's name after she provided the required documentation of reported identity theft. Defendant intentionally concealed the information that was otherwise unknown to them and that was relied upon by them. Defendant was also aware that Defendant's cooperation was required to properly resolve the dispute but they intentionally abused and delayed that process. This deprived Plaintiff of the ability to resolve identity theft matters in a timely manner to prevent irreparable harm. Plaintiff has suffered damages as a result.

## COMPUTER FRAUD

### LA CC 2315

Defendant furnished false data and statements of fact on Plaintiff's electronic credit file with the intent to obtain money from Plaintiff. Plaintiff reported to Defendant in writing on several occasions that the account did not belong to her, but Defendant still proceeded to furnish that data every month. This caused a breach of Plaintiff's privacy, damage to Plaintiff's corporeal movable by lowering her credit scores, negative credit, and it ruined the reputation that Plaintiff had with employer and business. Plaintiff has suffered damages as a result.

## NEGLIGENT DAMAGE TO PROPERTY

### LA CC 2315

Defendant failed to meet its duty of care to verify the identity of the individual who fraudulently submitted a credit card application in Plaintiff's name before gaining access to Plaintiff's corporeal movable and failed to establish a contract with Plaintiff before furnishing statements that they knew would cause damage to her property. This caused damage to Plaintiff's credit scores and credit history, and it ruined her reputation with her employer. Plaintiff has suffered damages as a result.

### DAMAGE TO PROPERTY WITH INTENT TO DEFRAUD

### LA RS 14:57; LA CC 2304

Defendant intentionally caused damage to Plaintiff's corporeal movable in an attempt to defraud Plaintiff into remitting a payment to them. Defendant knew before furnishing information to Plaintiff's credit file that they did not have authorization to do so and that Plaintiff had no contractual obligation to pay Defendant. This caused Plaintiff to have lower credit scores, negative credit history, and it damaged her reputation with her employer. Plaintiff has suffered damages as a result.

### UNLAWFUL MODIFICATION OF INTELLECTUAL PROPERTY

### LA CC 2315

Defendant knowingly made unlawful insertions and modifications to Plaintiff's intellectual property and corporeal movable without her authorization and without disclosing it to her beforehand. Defendant was aware that they lacked authorization by their refusal to obtain a contractual obligation with Plaintiff. This caused Plaintiff to have false information contained in her credit file, a lowered credit score, and her reputation destroyed with her employer. Plaintiff has suffered damages as a result.

### PRIMA FACIE TORT: LOSS OF CORPOREAL MOVABLE

### LA CC 2304

Defendant maintained access to Plaintiff's corporeal movable in bad faith and transferred that unlawful access to a third party debt collector at Plaintiff's expense. Defendant still has access to that property as well as the third party debt collector, which has left Plaintiff vulnerable to further trafficking

of property beyond Defendant's knowledge as well as Plaintiff's knowledge. This has caused a breach of privacy and the destruction of Plaintiff's reputation with her employer. Plaintiff has suffered damages as a result.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### LA CC 2315.6

Defendant has intentionally refused to perform its lawful duties in order to entice Plaintiff into providing payments on debt that she does not owe. Defendant has also intentionally deprived Plaintiff of her rights to lawfully dispute the debt regardless of the written statements and reports of identity theft. Defendant sought to intentionally inflict emotionally distress by harassing her as a form of an unauthorized collection practice to gain further unjust enrichment. Plaintiff has suffered damages as a result.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### LA CC 2315.6

Defendant's intentional refusal to perform its lawful duties also inflicted emotional distress to Plaintiff's two children. Plaintiff has suffered damages as a result.

## PRAYERS FOR RELIEF

Wherefore, Plaintiff prays that the Court grant Plaintiff civil and punitive damages including all other equitable relief.

Plaintiff also prays that the Court order Defendant to pay court costs and legal fees.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this of Amendment and Petition for Civil and Punitive Damages has been sent via certified mail and return receipt to Defendant's agent of service on June 6, 2020.

Respectfully Submitted,

Monique Montgomery

Monique Montgomery

4636 Alvin Dark Ave Apt 1

Baton Rouge, LA 70820

**BATON ROUGE CITY COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO. 20-00506                                                                                       DIV. E

**MONIQUE MONTGOMERY**

**VS.**

**CAPITAL ONE AUTO FINANCE**

FILED: _____                    DEPUTY CLERK: _____

<u>**MOTION FOR TRIAL ON THE MERITS & PETITION FOR PERMANENT INJUNCTION**</u>

    NOW INTO COURT comes Plaintiff, MONIQUE MONTGOMERY, pro se, who respectfully files a Motion for Trial on the Merits and Petition for Permanent Injunction. Mover certifies that this case is ready for trial Defendant has been served with the Complaint, Amendment to Complaint, and Petition for Civil and Punitive Damages.

<u>**FACTS**</u>

    Plaintiff is a victim of identity theft.

    Plaintiff asserted an action against Defendant for civil damages and punitive damages.

    Plaintiff filed its initial complaint against Defendant on January 31, 2020, but Defendant has continued to furnish false representations to Plaintiff's credit file for a debt that she does not owe.

    Plaintiff is not the owner of the alleged debt.

    Defendant is not the current creditor for the alleged debt.

    Plaintiff never had a contractual obligation with Defendant.

    Defendant has no right to file a countersuit against Plaintiff because they already assigned the debt to a third party collector.

    Defendant's continuous unlawful practices are depriving Plaintiff of her U.S. constitutional rights to free enjoyment of privacy, property, and reputation.

    Defendant's continuous unlawful practices are depriving Plaintiff of her state constitutional Right of a Victim.

Defendant is still furnishing information to Equifax, Transunion, and Experian after it has sold the alleged debt to a third party debt collector, which is heavily weighing on Plaintiff's reputation with potential employers.

Defendant has refused to provide the documents and information that are material to resolving Plaintiff's identity theft.

Defendant's false representations being continuously furnished to credit reporting agencies has caused Plaintiff to be terminated from her employer.

Defendant's false representations being continuously furnished to credit reporting agencies is obstructing Plaintiff from finding employment after being terminated.

Plaintiff and her two children will suffer irreparable harm if the Court does not grant the injunction.

It will be an obstruction of justice for investigative and criminal proceedings if the Court does not grant the injunction.

The issuance of a preliminary injunction does not go against public interest.

## **PRAYER FOR RELIEF**

Plaintiff also prays that the Court order Defendant to stop using Plaintiff's private information.

Plaintiff also prays that the Court order Defendant not to give access of Plaintiff's private information to any other person.

Plaintiff also prays that the Court order Defendant to not contact any Plaintiff's family members, loved ones, or her employers.

Plaintiff also prays that the Court order Defendant to stop furnishing false representations to Plaintiff's credit file, including credit reporting agencies.

Plaintiff also prays that the Court order Defendant to delete all entries and/or correct Plaintiff's credit history.

Plaintiff also prays that the Court order Defendant to immediately provide Plaintiff with all documents and information relative to the alleged debt.

Plaintiff also prays that the Court order Defendant to pay court costs and legal fees.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this of Amendment and Petition for Civil and Punitive Damages has been sent via certified mail and return receipt to Defendant's agent of service on June 8, 2020.

Respectfully Submitted,

*Monique Montgomery*

Monique Montgomery

4636 Alvin Dark Ave Apt 1

Baton Rouge, LA 70820

**BATON ROUGE CITY COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO. 20-00506                                                                                      DIV. E

**MONIQUE MONTGOMERY**

**VS.**

**CAPITAL ONE AUTO FINANCE**

FILED: _____                    DEPUTY CLERK: _____

<u>**ORDER**</u>

    CONSIDERING THE ABOVE, it is so ordered by the Court that that this case be set for a pre-trial conference on _____ of _____, 2020 at _____ AM/PM and set for trial on the merits and permanent injunction on _____ of _____, 2020 at _____ AM/PM.


    On this day _____ of _____ 2020 in Baton Rouge, Louisiana


_____

JUDGE

Monique Mon──────
4632 Alvin D──
Batin Rouge, LA 70830

CERTIFIED MAIL

7020 0640 0000 0658 9894

Baton Rouge

U.S POSTAGE PAID
FCM-LG ENV
BATON ROUGE, LA
70810
JUN 10, 20
AMOUNT
**$8.20**
R2305K139214-50

Capital one auto finance
320 Somerulos St.
Baton Rouge, LA 70802
70802 mm